UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __2/6/2025__

| | |
|---|---|
| SQUAREX PHARMACEUTICAL CORPORATION, *formerly known as* SQUAREX LLC, <br><br> Plaintiff, <br><br> -against- <br><br> SPARTAN CAPITAL SECURITIES LLC, *a division of* SPARTAN CAPITAL HOLDINGS, LLC, <br><br> Defendant. | 1:24-cv-06880-MKV <br><br> **ORDER** |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint on November 11, 2024. [ECF No. 1.] Plaintiff filed an affidavit of service of summons and complaint on September 19, 2024. [ECF No. 6.] According to that summons, Defendant's response to the complaint was due on October 10, 2024. No response was filed. On December 11, 2025, the Court issued an Order, directing Plaintiff to show cause "why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" on or before January 2, 2025 and putting Plaintiff "on notice that it is ultimately responsible for prosecuting its case." [ECF No. 8]. Plaintiff did not file a response and thus the Court ordered Plaintiff again to file a letter showing cause "why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" on or before February 17, 2024 and again and putting Plaintiff "on notice that it is ultimately responsible for prosecuting its case." [ECF No. 9].

Since then, Plaintiff's counsel filed a letter requesting leave to file a motion to be relieved as counsel as Plaintiff had discharged counsel and notifying the court that Plaintiff intended to voluntarily dismiss the case. [ECF No. 10]. On the same day, Plaintiff's counsel filed a second letter correcting his prior letter and stating that Plaintiff did not intend to voluntarily dismiss the

case but intended to proceed with the case with different counsel. [ECF No. 11]. Thereafter, Plaintiff's CEO and President Hugh McTavish emailed a letter to this Court's chambers, which the Court has caused to be filed on the docket. [ECF No. 12]. The letter from Mr. McTavish requests an order dismissing his counsel and "allowing Plaintiff Squarex a reasonable period of time to obtain new counsel and for the new counsel to appropriately respond in this case." [ECF No. 12].

A corporation may not appear *pro se* but must retain counsel to avoid default. *See, e.g., Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 318 (S.D.N.Y. 2012) (citing *Rowland v. California Men's Colony,* 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.")). Accordingly, Plaintiff's current counsel shall file a motion to withdraw on or before February 13, 2025. Plaintiff shall not attempt to file additional documents with the Court without the assistance of counsel.

**Plaintiff is reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

Date: **January 6, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**