UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

SQUAREX PHARMACEUTICAL CORP.,
f/k/a SQUAREX LLC

        *Plaintiff,*

        -against-

SPARTAN CAPITAL SECURITIES LLC
a division of SPARTAN CAPITAL HOLDINGS
LLC,

        *Defendants.*

_____

**Case No: 1:24-cv-06880-MKV**

**AFFIRMATION IN RESPONSE TO ORDER TO SHOW CAUSE**

I, Aaron H. Pierce, being duly sworn, deposes and says:

1. I am a member of the Bar of this Court and am associated with the firm of Pierce & Kwok LLP, attorneys for Plaintiff in the above-entitled action and I am familiar with all the facts and circumstances in this action.

2. I make this affirmation in response to the Court's Order to Show Cause dated June 11, 2025, which directs Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.

3. As stated in the Complaint, Plaintiff entity is incorporated in Delaware and has its principal place of business in Minnesota.

4. Plaintiff has performed a diligent search of public databases, civil dockets, and various business-related search engines, including the New York, Minnesota, and Delaware Secretary of State websites in order to ascertain the identity and citizenship of all members of Spartan Capital Securities LLC ("Spartan").

5. Plaintiff has also retained an established corporate investigative attorney, Mr. William Belmont of The Belmont Group, LLC, to investigate further into both Spartan Capital Securities LLC and Spartan Capital Holdings LLC, in order to ascertain the members of those LLCs. After thorough litigation, LinkedIn, FINRA, and social media search, it is our assessment at this time that John D. Lowry is the managing member of Spartan Capital Securities LLC, not only through his personal 5% ownership but also

1

via Spartan Capital Holdings LLC, which is solely owned and operated by John D. Lowry.

6. The most informative of these findings was the FINRA BrokerCheck Report (the "Report") (attached hereto as Exhibit A) which lists all "direct owners and executive officers" of Spartan. The owners/executive officers are as follows: (1) Spartan Capital Holdings, LLC (75% or more); (2) Theologos Stavros Basis (less than 5%); Maurice Michael Dacosta (less than 5%); John Dennis Lowry (less than 5%); Kim Marie Monchik (less than 5%); and Mark James Snoozy (less than 5%). The Report also lists John Dennis Lowry as an indirect owner via Spartan Capital Holdings, LLC.

7. Based upon Plaintiff's personal research and the research of a corporate investigator hired by Plaintiff to discover the identity and citizenship of the members of Spartan, the following are the last known addresses of such members listed in paragraph 4 above:

   a. Theologos Stavros Basis – 109 Majestic S., Lincroft, NJ 07738;

   b. Maurice Michael Dacosta – 12035 Guy R. Brewer Blvd., Jamaica, NY 11434;

   c. Gerald Heilpern – 9 Fieldstone Ct., New City, NY 10956;

   d. John Dennis Lowry – 70 Little W St., Apt #30A, New York, NY 10004;

   e. Kim Marie Monchik – 49 Natick St., Staten Island, NY 10306;

   f. Mark James Snoozy – 52 Nassau Blvd., Malverne NY 11565.

8. As stated above, the only other owner of Spartan is another Limited Liability Company, Spartan Capital Holdings, LLC. This LLC is solely owned by John Dennis Lowry, a citizen of New York State. Plaintiff and its investigators have been able to locate the Articles of Organization of Spartan Capital Holdings, LLC (attached hereto as Exhibit B) as well as a New York Supreme Court Case, *John D. Lowry v. Spartan Capital Securities, LLC et al* (653064/2025). From these papers it is clear that Spartan Capital Holdings, LLC is located within the state of New York with its offices located in the County of New York, and the Secretary of State of New York is designated as the process agent for the company.

9. Plaintiff has ascertained the owners/executives of Defendant entity Spartan Capital Securities LLC, as well as their addresses. As seen in paragraph 6 above, no members of Spartan are

citizens of Delaware or Minnesota. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

10. To the extent that the Court determines that Plaintiff has not met its burden to affirmatively assert subject matter jurisdiction in this case, Plaintiff respectfully requests that it be granted jurisdictional discovery to allow it the opportunity to demonstrate subject matter jurisdiction.

WHEREFORE, Plaintiff requests the Court accepts that all members of Defendant entity are completely diverse from Plaintiff or, in the alternative, grant jurisdictional discovery to allow Plaintiff the opportunity to demonstrate subject matter jurisdiction.

Dated: New York, New York
*June 25, 2025*

*/s/ Aaron H. Pierce*
Aaron H. Pierce
*Attorney(s) for Plaintiff*
299 Broadway, Suite 1405
New York, NY 10007
(212) 882-1752

## CERTIFICATION

      I hereby certify pursuant to 22 NYCRR 202.8-b that the annexed Affirmation complies with the 7,000-word count limit. Plaintiffs' Attorney Affirmation contains 687 words.

Dated: New York, New York

      June 25, 2025

                                      PIERCE & KWOK LLP

                                      Aaron H. Pierce, Esq. Pierce & Kwok LLP