USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SQUAREX PHARMACEUTICAL CORPORATION, *formerly known as* SQUAREX LLC,

Plaintiff,

-against-

SPARTAN CAPITAL SECURITIES LLC, *a division of* SPARTAN CAPITAL HOLDINGS, LLC,

Defendant.

---

1:24-cv-06880-MKV

**ORDER GRANTING LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

MARY KAY VYSKOCIL, United States District Judge:

On September 11, 2024, Plaintiff, initiated this case by filing a complaint. [ECF No. 1 ("Compl.")]. Now, Plaintiff moves for default judgment. [ECF No. 27]. In the Complaint, Plaintiff asserts that (1) it is incorporated in Delaware, with a "corporate home" in Minnesota and (2) the Court has subject matter jurisdiction to hear this action under 28 U.S.C. § 1332 because the "parties are citizens of two separate states, and the amount in controversy exceeds $75 thousand." Compl. ¶¶ 11, 16. The Complaint, however, does not state the citizenship of the members of Defendant, which is a limited liability company. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [ECF No. 31]. Plaintiff responded with a memorandum explaining that a search of public records shows Defendant is that is "75% or more" owned by Spartan Capital Holdings, LLC, which is wholly and solely owned and operated by John D. Lowry, who is a citizen of New York, and requesting either an order that Plaintiff has subject matter jurisdiction over this case or leave to conduct jurisdictional discovery. [ECF No. 35].

The Court has authority to order jurisdictional discovery to allow plaintiff to demonstrate that there is subject matter jurisdiction. *See, e.g.*, *Saidnia v. Nimbus Mining LLC*, No. 21-CV-7792

(VSB), 2023 WL 7005037, at *6 (S.D.N.Y. Oct. 24, 2023) (citing *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) and citing *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("[C]ourts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party")).  Courts allow jurisdictional discovery where a plaintiff has made a "threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction." *Mills*, 921 F. Supp. 2d at 228; *see also Ayyash v. Bank Al-Medina*, No. 04 Civ. 9201 (GEL), 2006 WL 587342, at *5–6 (S.D.N.Y. Mar. 9, 2006) (allowing jurisdictional discovery where plaintiff "made a sufficient start" toward establishing jurisdiction without finding that Plaintiff has made a  "prima facie showing of subject-matter jurisdiction").

Here, construing all facts in a light most favorable to Plaintiff for purposes of this motion, Plaintiff has made a sufficient start towards establishing that subject matter jurisdiction exists over Defendant in this Court.  If jurisdictional discovery demonstrates that all members of Defendant are diverse from Plaintiff, then this Court would indeed have jurisdiction pursuant to 28 U.S.C. § 1332.  "In determining the scope of the jurisdictional discovery to permit, the Court is mindful of the need for relevance and proportionality; that is, the discovery permitted must be relevant and proportional to the current needs of the case." *Wilson & Wilson Holdings*, 673 F. Supp. 3d at 414; *see also Carl v. Edwards*, No. 16-CV-03863 (ADS) (AKT), 2017 WL 4271443, at *9 (E.D.N.Y. Sept. 25, 2017) (court has "duty to ensure, in accordance with Rule 26(b)(1) that the discovery sought by Plaintiff—even in the limited jurisdictional context—is both relevant and proportional in light of the particular facts and circumstances of this case").

Accordingly, Plaintiff is entitled to discovery of jurisdictional facts regarding Defendant.

2

Such discovery is relevant only for the reasons set forth in this order.

IT IS HEREBY ORDERED that Plaintiff may take discovery from Defendant relating to citizenship of its members.

IT IS FURTHER ORDERED that on or before September 2, 2025, Plaintiff shall update the Court on the results of its discovery efforts and advise the Court whether it intends to amend the operative complaint.

**Plaintiff is reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or Plaintiff, dismissal or preclusion of claims, defenses, arguments, or evidence.**

SO ORDERED.

Date:   August 15, 2025                             _____
        New York, NY                                **MARY KAY VYSKOCIL**
                                                    **United States District Judge**