USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SQUAREX PHARMACEUTICAL CORPORATION, *formerly known as* SQUAREX LLC,

Plaintiff,

-against-

SPARTAN CAPITAL SECURITIES LLC, *a division of* SPARTAN CAPITAL HOLDINGS, LLC,

Defendant.

---

1:24-cv-06880-MKV

**ORDER GRANTING MOTION TO COMPEL DISCOVERY**

MARY KAY VYSKOCIL, United States District Judge:

On September 11, 2024, Plaintiff, initiated this case by filing a complaint. [ECF No. 1 ("Compl." or the "Complaint")]. Thereafter, Plaintiff filed an affidavit of service of summons and complaint on. [ECF No. 6.]. According to that summons, Defendant's response to the complaint was due on October 10, 2024. No response was filed. Accordingly, the Court issued several orders to show cause "why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure" which put Plaintiff "on notice that it is ultimately responsible for prosecuting its case." [ECF Nos. 8, 9, 24]. Thereafter, Plaintiff moved for default judgment, a motion which is currently pending. [ECF Nos. 24, 27].

In the Complaint, Plaintiff asserts that (1) it is incorporated in Delaware, with a "corporate home" in Minnesota and (2) the Court has subject matter jurisdiction to hear this action under 28 U.S.C. § 1332 because the "parties are citizens of two separate states, and the amount in controversy exceeds $75 thousand." Compl. ¶¶ 11, 16. The Complaint, however, does not state the citizenship of the members of Defendant, which is a limited liability company. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [ECF No. 31]. Plaintiff responded with a memorandum explaining that a

search of public records shows Defendant is that is "75% or more" owned by Spartan Capital Holdings, LLC, which is wholly and solely owned and operated by John D. Lowry, who is a citizen of New York. [ECF No. 35].

Finding that Plaintiff had made a sufficient start towards establishing that subject matter jurisdiction exists over Defendant, the Court held that Plaintiff may take discovery from Defendant relating to citizenship of its members. [ECF No. 36] (citing *Saidnia v. Nimbus Mining LLC*, No. 21-CV-7792 (VSB), 2023 WL 7005037, at *6 (S.D.N.Y. Oct. 24, 2023) and citing *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013) and citing *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("[C]ourts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party")).

Plaintiff filed a subpoena on the docket and an affidavit of service of the subpoena on Defendant. [ECF Nos. 37, 38]. The Subpoena requested:

> Any and all documentation concerning the members of Spartan Capital Securities LLC and Spartan Capital Holdings LLC, their membership interest in these two entities, when each member obtained their membership interest in the two entities, and where their principal places of residence are and/or a sworn affidavit made under the penalty of perjury testifying to the same.

[ECF No. 37]. Thereafter, Plaintiff filed a motion to compel Defendant to respond to the subpoena served upon it, and for a court-ordered subpoena. [ECF No. 42 ("Mot.")]. Plaintiff advised the Court that Defendant had not responded to the subpoena or otherwise attempted to communicate with Plaintiff by the deadline set or in the subpoena. Mot. at 2.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: **. . . (iv)** a party fails to produce documents or fails to respond that inspection will

2

be permitted--or fails to permit inspection--as requested under Rule 34. Fed, R. Civ. P. 37. "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)). Motions to compel are "entrusted to the sound discretion of the court." *Benn v. City of New York*, 18-CV-722 (LGS) (OTW), 2019 WL 4857339, at *2 (S.D.N.Y. Oct. 2, 2019) (quoting *Howard v. City of New York*, No. 12-CV-933 (JMF), 2013 WL 174210, at *1 (S.D.N.Y. Jan. 16, 2013)). Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(1).

The citizenship of Defendant's membership is clearly relevant to Plaintiff's claims, and potentially dispositive of the claims if the parties are not completely diverse. *See F5 Cap. v. Pappas*, 856 F.3d 61, 80 (2d Cir. 2017) ("[C]omplete diversity of all parties is an absolute, bright-line prerequisite to federal subject matter jurisdiction."). Moreover, "[t]he Court has authority to order jurisdictional discovery to allow [a party] the opportunity to demonstrate subject matter jurisdiction." *Saidnia*, 2023 WL 7005037, at *6 (alteration in the original) (quoting *Mills 2011 LLC*, 921 F. Supp. 2d at 228 (S.D.N.Y. 2013)).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall serve this Order upon Defendant in lieu of a "so-ordered" subpoena.

IT IS FURTHER ORDERED that on or before January 1, 2025, Plaintiff shall effectuate the subpoena and advise the Court whether it has gathered sufficient discovery to adequately plead complete diversity of the parties and subject matter jurisdiction. **Plaintiff is on notice that if Plaintiff fails to demonstrate that this Court has subject matter jurisdiction over this case on**

or before January 1, 2025, this case will be dismissed.

**Plaintiff is reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or Plaintiff, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to close the motion at docket entry number 42.

**SO ORDERED.**

Date: **October 8, 2025**  
**New York, NY**

**MARY KAY VYSKOCIL**  
**United States District Judge**

4