USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SQUAREX PHARMACEUTICAL
CORPORATION, *formerly known as* SQUAREX
LLC,

Plaintiff,

-against-

SPARTAN CAPITAL SECURITIES LLC, *a division
of* SPARTAN CAPITAL HOLDINGS, LLC,

Defendant.

1:24-cv-06880-MKV

**ORDER DENYING MOTION
FOR DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint on September 11, 2024. [ECF No. 1 ("Compl.")]. In its complaint, Plaintiff asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because "both parties are citizens of two separate states, and the amount in controversy exceeds $75 thousand." Compl. at ¶ 11. Thereafter, Plaintiff filed an affidavit of service, which reflected that, on September 19, 2024, the "summons" was served on Julia Voss "who is designated by law to accept service of process on behalf of" Defendant Spartan Capital Securities LLC. [ECF No. 6]. According to that summons, Defendant was required to answer or otherwise respond by October 10, 2024. [ECF Nos. 5, 6.] As of this date no response has been filed.

Plaintiff has now filed a proposed Clerk's Certificate of Default, [ECF No. 20], and the Clerk of Court has entered a Clerk's Certificate of Default. [ECF No. 23]. Plaintiff has moved for default judgment. [ECF No. 27].

Thereafter, on June 11, 2025, the Court ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction. [ECF No. 31]. The Court acknowledged Plaintiff's motion for default judgment, but made clear that Plaintiff's complaint

failed to adequately plead diversity jurisdiction because it did not allege the citizenship of the members of Defendant, which is a limited liability company. [ECF No. 31]. Plaintiff responded and explained that a search of public records shows Defendant is "75% or more" owned by Spartan Capital Holdings, LLC, which is wholly and solely owned and operated by John D. Lowry, who is a citizen of New York, and requested either an order that Plaintiff has subject matter jurisdiction over this case or leave to conduct jurisdictional discovery. [ECF No. 35]. In response, the Court granted Plaintiff leave to conduct jurisdictional discovery relating to the citizenship of Defendant's members and ordered Plaintiff to advise the Court as to the results of the discovery and whether it intended to amend the operative complaint. [ECF No. 36].

Thereafter, Plaintiff filed a subpoena on the docket, which sought discovery concerning the members of Defendant, and an affidavit of service of the subpoena on the docket. [ECF Nos. 37, 38]. Plaintiff then filed a motion to compel Defendant to respond to the subpoena served upon it, and for a court-ordered subpoena. [ECF No. 42]. The Court granted Plaintiff's motion and ordered that "on or before January 1, 2025, Plaintiff shall effectuate the subpoena and advise the Court whether it has gathered sufficient discovery **to adequately plead complete diversity of the parties and subject matter jurisdiction**." [ECF No. 43] (emphasis added).

Thereafter, Plaintiff filed a letter indicating that all available evidence shows that all members of Defendant are citizens of New York or New Jersey. [ECF No. 45]. However, Plaintiff stated it did not know for a fact that John Lowry, a citizen of New York, was the only member of Spartan Capital Holdings, LLC—itself a member of the Defendant LLC. [ECF No. 45]. Plaintiff further indicated that it did not intend to amend the complaint at this time and urged the Court to find it had jurisdiction over the matter and rule on its pending motion for default judgment. [ECF No. 45].

2

In turn, the Court ordered Plaintiff to file the exhibits on which it relied in its letter at ECF No. 45 and to present all its evidence concerning the citizenship of the members of Spartan Capital Holdings, LLC.  [ECF No. 46].

The Court is in receipt of Plaintiff's response to this Court's Order regarding evidence of diversity.  [ECF No. 47].  In that letter, Plaintiff states it has recently come to light that John Lowry is the sole member of Spartan Capital Holdings, LLC and cites to an amended complaint filed in the Southern District of New York by Spartan Capital Securities LLC in 2019.  [ECF No. 47]. Plaintiff did not address whether it intends to file an amended complaint in this action adequately pleading jurisdiction.  Rather, once again, Plaintiff urges the Court to find jurisdiction established and to rule on its motion for default judgment.  [ECF No. 47].  To this day, Plaintiff has not filed an amended complaint that cures the deficient jurisdictional allegations in its operative complaint despite the Court alerting Plaintiff to this deficiency over six months ago.  [ECF No. 31].  *See United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged."); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) (finding complaint "deficient because it contains no allegation as to the identity or citizenship of [defendant LLC's] members").

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment is DENIED without prejudice to renewal.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint properly alleging subject matter jurisdiction on or before February 10, 2026.

IT IS FURTHER ORDERED that the Clerk's Certificate of Default at ECF No. 23 is VACATED.

*Plaintiff is reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.*

The Clerk of Court is respectfully requested to terminate docket entry 27.

**SO ORDERED.**

**Date:  January 27, 2026**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

4